JAP:PWB                                                15-99 M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

― ― ― ― ― ― ― ― ― ― ― ― ― ― x

UNITED STATES OF AMERICA					**FILED UNDER SEAL**

  - against -							COMPLAINT AND AFFIDAVIT
								IN SUPPORT OF ARREST
ABDULLAH HAMOOD AHMED GAMRI,			WARRANT

            Defendant.					(T.18, U.S.C. 1546)

― ― ― ― ― ― ― ― ― ― ― ― ― ― x

EASTERN DISTRICT OF NEW YORK, SS:

      Bert Seay, being duly sworn, deposes and states that he is a Special Agent with the United States Department of State, Diplomatic Security Service, duly appointed according to law and acting as such.

      On or about April 21, 2013, within the Eastern District of New York, the defendant ABDULLAH HAMOOD AHMED GAMRI did knowingly and willfully use and attempt to use a United States visa that was procured by means of a false claim or statement and otherwise procured by fraud and unlawfully obtained.

      (Title 18, United States Code, Section 1546)

      The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

1. I am a Special Agent with the United States Department of State, Diplomatic Security Service ("DSS") and have been involved in the investigation of numerous cases involving United States visas procured by fraud. I am familiar with the facts and circumstances set forth below from my participation in the investigation, my review of the investigative file, and from reports of other law enforcement officers involved in the investigation.

2. In August 2014, DSS received information from the Department of State, Office of the Inspector General ("DOS-OIG") that DOS-OIG had received an anonymous tip that certain Yemeni national employees working in the non-immigrant visa unit of the U.S. Embassy in Sanaa, Yemen were helping other Yemeni nationals in procuring non-immigrant visas to the United States in exchange for money. The visa applications obtained in this manner contained numerous false statements – principally with respect the purpose of the visa applicants' travel to the United States and the visa applicants' employment.

3. On or about April 21, 2013, the defendant ABDULLAH HAMOOD AHMED GAMRI arrived at John F. Kennedy International Airport ("JFK") in Queens, New York, Qatar Airways, Flight number 83, which had departed from, Doha, Qatar. Upon arrival at JFK, the defendant presented a valid Yemeni passport (No.04799292). The passport contained a B1/B2 United States entry visa, Visa Foil No. E4956640, issued by the United States Department of State, Bureau of Consular Affairs on April 9, 2013. The defendant was applying for entry as a visitor for business.

4. DSS agents were able to review the visa application for the defendant ABDULLAH HAMOOD AHMED GAMRI which was submitted on January 13, 2013 and presented to a U.S. Consular Officer at the U.S. Embassy in Sanaa, Yemen on April 9, 2013.

In his visa application, the defendant stated, among other things, that he was a "The General Manager for Green Land Farm For Coffee Production" of "Greenland Coffee Productions" The defendant also stated in his visa application that the purpose and intent of his trip to the United States was to attend the "The 25th SCAA in Boston Massachusetts" in Boston, MA for 33 days.

5. In September 2014, DSS agents received information from the Yemeni Ministry of Commerce and Information confirming that the "Greenland Coffee Productions" is not a registered or legitimate company in Yemen.

6. In January 2015, DSS agents spoke to the senior registration manager of the "The 25th SCAA in Boston Massachusetts." This individual stated that the defendant ABDULLAH HAMOOD AHMED GAMRI did not register or pay for the conference. Furthermore, the defendant did not actually attend the conference. In addition, a review of law enforcement databases uncovered no evidence that the defendant ever travelled to Boston, MA after he arrived at JFK and that the defendant listed a Brooklyn, N.Y. address as "address while in the United States" on his 1-94 customs form and immigration form, which was not disclosed in his visa application or interview.

7. A review of State Department databases reveals that the defendant ABDULLAH HAMOOD AHMED GAMRI has been a "visa overstay" since October 21, 2013.

WHEREFORE, your deponent respectfully request that the defendant ABDULLAH HAMOOD AHMED GAMRI be dealt with according to law.

S/ Bert Seay

_____
Bert Seay
Special Agent
United States Department of State
Diplomatic Security Service

Sworn to me before this
3rd day of February, 2015

S/ Vera Scanlon
_____
THE HONORABLE VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK